**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 24, 2012

Lyle W. Cayce
Clerk

No. 11-10921
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSVALDO COMPIAN-TORRES,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-282-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Osvaldo Compian-Torres (Compian) was charged by indictment with being an alien found unlawfully present in the United States in August 2010 following a prior deportation. A jury convicted Compian, and the district court sentenced him to 109 months of imprisonment and a three-year term of supervised release. Compian filed a timely notice of appeal.

Compian concedes that he is an alien, that he had been deported in November 2003, that he reentered this country without permission, and that he

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10921

was later found here.  He explains that federal prosecutors discovered his presence in 2004 and had a then-active term of supervised release revoked. Upon revocation, Compian was incarcerated and then later released in 2006. Compian argues that he was "found" for purposes of 8 U.S.C. § 1326 in 2004 and that he thus could not have later been "found" in 2010 absent proof of a departure after 2004 and a new illegal reentry.  Accordingly, he maintains that there was insufficient evidence to support his conviction.

Although Compian couches his argument in terms of sufficiency, his contention that he was "found" in 2004 raises a legal question. *See United States v. Loney*, 959 F.2d 1332, 1334 (5th Cir. 1992).  His motion for a judgment of acquittal did not preserve this legal question.  *See United States v. Brace*, 145 F.3d 247, 257-58 & n.2 (5th Cir. 1998).  Where a defendant raises a legal issue for the first time on appeal, this court reviews for plain error.  *United States v. Treft*, 447 F.3d 421, 424-25 (5th Cir. 2006); *see Brace*, 145 F.3d at 257-58.  To show plain error, Compian must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Under this court's precedent, Compian was not found illegally present in this country until 2010, when he was encountered by immigration officials who determined his illegal status.  *See United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996).  For Compian to prevail on appeal, this court's holding in *Santana-Castellano* would have to be extended to include an alien's discovery by federal officials other than immigration officials.  Accordingly, he has not shown plain error.  *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).

AFFIRMED.

2